## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | : | |
| RACHEL KAPLAN, | : | Chapter 13 |
| Debtor | : | No. 06-41771 |
| _____ | : | |

### ORDER ON EXPEDITED MOTION FILED BY INTERESTED PARTY FRANCIS LAFAYETTE FOR STAY PENDING APPEAL

Francis Lafayette, former counsel to the above-captioned Debtor, filed the instant motion [Docket #91] seeking a stay pending appeal of certain of this Court's orders of June 5, 2007 (1) denying his emergency motion for a continuance of a hearing, which was filed less than two hours before the hearing was to be held that same day, and (2) awarding attorney's fees of $427.50 and sanctioning him $500.00. For the reasons set forth below, the Motion is GRANTED IN PART.

On April 3, 20007, the Court ordered Mr. Lafayette to disgorge all sums received from the Debtor for fees, expenses, and/or as a retainer [Docket #66].[1] Mr. Lafayette did not appeal that order. On May 16, 2007, current counsel to the Debtor filed a certificate of non-compliance [Docket #70] indicating that Mr. Lafayette had not returned any funds to the Debtor. The Court scheduled the matter for hearing on June 5, 2007 at 2:00 pm and set an objection/response deadline of May 29, 2007.[2] Mr. Lafayette did not file an objection or response by the deadline. However, only two hours before the hearing, in violation of the Local Rules,[3] he sought a continuance on the grounds that he had taken ill [Docket #74].[4]

---

[1] In that order, the Court denied Mr. Lafayette's application for compensation stating: "ON 2/7/07 THIS COURT ALLOWED DEBTOR'S MOTION TO DISMISS BUT RETAINED JURISDICTION OVER ATTORNEY LAFAYETTE'S COMPENSATION. THE COURT HEREBY FINDS THAT THE SERVICES OF MR. LAFAYETTE WERE OF NO BENEFIT TO THE DEBTOR, AND IN FACT IN SOME RESPECTS WERE ACTUALLY HARMFUL TO HER. THEREFORE, BASED ON THE ENTIRE RECORD BEFORE THE COURT IN THIS CASE, ALL COMPENSATION AND EXPENSE REIMBURSEMENT IS DENIED. MR. LAFAYETTE IS HEREBY ORDERED TO DISGORGE ALL SUMS RECEIVED FROM THE DEBTOR FOR FEES, EXPENSES, AND/OR RETAINER."

[2] The hearing notice stated that the objection/response deadline would be governed by the Local Rules, in which case, Mr. Lafayette was required to object or respond within 13 days of the certificate's filing. *See* M.L.B.R. 9013-1(d).

[3] *See* M.L.B. R. 5071-1(c) (requiring a motion to continue be filed and served in a manner "reasonably sufficient to reach said parties prior to their attendance at the subject hearing").

The motion was denied on the grounds that Mr. Lafayette had many weeks to comply the Court's order and had not filed an opposition to the certificate of non-compliance [Docket #76].[5]

Having denied a continuance, the Court held the hearing (although it was not required to do since Mr. Lafayette had not responded), and entered the following order:

> "MR. LAFAYETTE IS ORDERED TO DISGORGE TO HIS FORMER CLIENT THE SUM OF $400.00 WITHIN 3 DAYS OF THE ENTRY OF THIS ORDER.  ALSO, MR. LAFAYETTE IS ORDERED TO PAY KRESSLER & EHRHARD, PC THE SUM OF $427.50 AS FEES AND COSTS FOR BRINGING THE CERTIFICATE OF NON-COMPLIANCE.  FINALLY, MR. LAFAYETTE IS SANCTIONED $500.00 FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER OF 4/3/07.  SECOND AND THIRD PAYMENTS ABOVE MUST BE MADE WITHIN 7 DAYS OF THIS ORDER."

On June 10, 2007, Mr. Lafayette appealed the above order [Docket #84][6] and now seeks a stay on the grounds that he was not afforded a hearing on the merits.  However, because Mr. Lafayette failed to appeal the disgorgement order of April 3, 2007, the only issue at the June 5, 2007 hearing in that regard was whether Mr. Lafayette had in fact disgorged his retainer.  He has not challenged Debtor's attorney's representation that he has not done so.  Thus, the Court hereby GRANTS a stay as to the second and third payments in the aforementioned order.  However, Mr. Lafayette never appealed the original order of April 3, 2007 disgorging funds received from the Debtor and therefore, the Court DENIES a stay as to that portion of its June 5, 2007 order.

Dated: June 19, 2007

By the Court,

*[signature: Joel B. Rosenthal]*

_____

Joel B. Rosenthal
United States Bankruptcy Judge

---

[4] Mr. Lafayette has a long history of seeking continuances for this reason.  The Court has been sympathetic to counsel's situation and has continued matters in his cases to give him the opportunity to make arrangements for substitute counsel to properly represent his clients, but has also warned him that the Court would not grant future continuances in those cases *or in others* without the consent of the moving party.  *See, e.g.,* Case #06-41397, Docket #53, Order dated 2/1/07 (emphasis added).

[5] In the present motion, Mr. Lafayette stated that he was admitted to the hospital on June 5, 2007, the day of the hearing and remained there for seven days.  However, in another recent pleading, he stated he was hospitalized from June 6, 2007 to June 11, 2007.  *See* Case #07-41949, Docket #10.  In any event, notably during that time period, Mr. Lafayette filed several substantive pleadings in various cases, including among others this appeal, an application for compensation, and an opposition to a trustee's motion to dismiss.

[6] From the notice of appeal, although not entirely clear, it seems Mr. Lafayette is appealing both the Court's denial of a continuance as well as the Court's substantive order awarding attorney's fees and sanctioning him for failure to comply with the original order disgorging monies received from the Debtor.