UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| RACHEL J. KAPLAN | : | CASE NO. 06-41771-JBR |
| DEBTORS | : | |

### ORDER ON ORDER TO SHOW CAUSE

Whereas, on January 3, 2007 Attorney Francis Lafayette, former attorney for the Debtor, filed his First Interim Application for Compensation [#47] to which the Chapter 13 Trustee and the Debtor, through successor counsel, objected [#50 and #55];

Whereas, on February 26, 2007 Attorney Lafayette moved to withdraw the First Interim Application for Compensation [#56] on the grounds that the Application was incomplete; the motion to withdraw was denied [#57];

Whereas, on February 27, 2007 the Court held a hearing on the First Interim Application for Compensation which Attorney Lafayette attended by telephone and Attorney Lafayette was given permission to supplement the First Interim Application for compensation to include additional fees and expenses not included in the First Interim Application for Compensation [#59] but a supplement was not timely filed;

Whereas, on April 3, 2007 the Court entered an order [#66] denying the First Interim Application for Compensation, stating as follows:

> THIS COURT ALLOWED DEBTOR'S MOTION TO DISMISS
> BUT RETAINED JURISDICTION OVER ATTORNEY
> LAFAYETTE'S COMPENSATION. THE COURT HEREBY
> FINDS THAT THE SERVICES OF MR. LAFAYETTE WERE
> OF NO BENEFIT TO THE DEBTOR, AND IN FACT IN SOME
> RESPECTS WERE ACTUALLY HARMFUL TO HER.
> THEREFORE, BASED ON THE ENTIRE RECORD BEFORE

> THE COURT IN THIS CASE ALL COMPENSATION AND EXPENSE REIMBURSEMENT IS DENIED. MR. LAFAYETTE IS HEREBY ORDERED TO DISGORGE ALL SUMS RECEIVED FROM THE DEBTOR FOR **FEES, EXPENSES AND/OR RETAINER.** (Emphasis added).

Whereas, Attorney Lafayette did not appeal the April 3, 2007 order;

Whereas, on May 16, 2007 the Debtor filed a Certificate of Non-Compliance [#70] informing the Court that Attorney Lafayette had not turned over any sums he had received from the Debtor and seeking attorney's fees incurred in connection with the certificate of Non-Compliance;

Whereas, on June 5, 2007 the Court conducted a hearing on the Certificate of Non-Compliance and on June 6, 2007 entered an order [#78] stating

> MR LAFAYETTE IS ORDERED **TO DISGORGE TO HIS FORMER CLIENT THE SUM OF $400.00 WITHIN 3 DAYS OF THE ENTRY OF THIS ORDER.** ALSO, MR. LAFAYETTE IS ORDERED TO PAY KRESSLER & EHRHARD, PC THE SUM OF $427.50 AS FEES AND COSTS FOR BRING [sic] THE CERTIFICATE OF NON COMPLIANCE. FINALLY MR. LAYFAYETTE IS SANCTIONED $500.00 FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER OF 4/3/07. SECOND AND THIRD PAYMENTS ABOVE MUST BE MADE WITHIN 7 DAYS OF THIS ORDER. (Emphasis added).

Whereas, Attorney Lafayette file a Notice of Appeal of the June 6, 2007 order [#84] and sought a stay of the June 6, 2007 order from this Court [#91];

Whereas, the Court granted the stay EXCEPT with respect to that part of the June 6, 2007 order that required the disgorgement of $400 [#92]; and

Whereas, on July 16, 2007 the Debtor filed a second Certificate of Non-Compliance

2

[#98] informing the Court that Attorney Lafayette had not returned the $400 to the Debtor and seeking attorney's fees incurred in connection with the second Certificate of Non-Compliance;

Whereas, on August 9, 2007 the Court issued an Order to Show Cause [#100] as to why Attorney Lafayette should not be sanctioned for failure to comply with the unstayed portion of the June 6, 2007 order;

Whereas, on August 14, 2007 the Court conducted a hearing on its Order to Show Cause and the second Certificate of Non-Compliance; and

Whereas, at the August 14, 2007 hearing Attorney Lafayette stated that he believed he was required to only turn over $400 MINUS expenses and had offered to return the balance (less than $100).

Now therefore, it is hereby FOUND:

1. That Attorney Lafayette's statement that he believed he did not have to turn over the entire sum of $400 to the Debtor is not credible in light of the express language of the June 6, 2007 order and the fact that he failed to obtain a stay of that portion of the June 6, 2007 order;

2. That Attorney Lafayette was in contempt of the June 6, 2007 order which contempt attorney Lafayette purged by tendering $400 in cash to the debtor's attorney at the August 14, 2007 hearing;

3. That the Court's previous sanction of $500, the payment of which has been stayed, is insufficient to deter future conduct of this type, specifically including Attorney Lafayette's attempts to avoid returning the full sums ordered to disgorge,

it is hereby ORDERED:

3

1. That Attorney Lafayette shall pay Debtor's attorney the sum of $585.00 for attorney's fees incurred in connection with the second Certificate of Non-Compliance as set forth in the Affidavit of Attorney James P. Ehrhard [#104] within 7 days of the date of this order;

2. That Attorney Lafayette is sanctioned $1,000 for his failure to abide by the June 6, 2007 order and shall pay the money to the Clerk's Office of the United states Bankruptcy Court for the District of Massachusetts within 7 days of the date of this order.

Dated: August 16, 2007

_____
Joel B. Rosenthal

United States Bankruptcy Judge